IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Furgess, Jr., | ) | C/A NO. 3:05-1206-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| United Parcel Service, Inc., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's complaint alleging race discrimination in employment, a violation of 42 U.S.C. § 2000e *et seq*. Defendant United Parcel Service, Inc. (UPS) filed a motion for summary judgment on May 16, 2006, to which Plaintiff responded.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On September 22, 2006, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report on October 12, 2006. Defendant filed a Reply in Opposition to Plaintiff's objections on October 30, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the Objections, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation, with the correction of two errors, by reference in this Order.[1]

Plaintiff has not established a *prima facie* case of employment discrimination related to his 2004 attempt to secure re-employment with Defendant.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  To establish a *prima facie* case of discrimination in a rehiring situation, Plaintiff must establish that: (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rising to an inference of unlawful discrimination.  *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998).  While there is no dispute that Plaintiff (an African-American) is a member of a protected group, the Magistrate Judge determined that Plaintiff had failed to establish the other three elements of a *prima facie* case of job discrimination.  This court agrees.

**Applied for the Position in Question**: Plaintiff has provided no evidence to counter the Declarations of Hazel Bennett [hereinafter "Bennett Declaration"] (Exhibit A to Dkt. # 33, filed May

---

[1] On page 5 of the Report, in paragraph 9, the Report states that "*Furgess* collected statements from a number of customers on Furgess's route . . . ." (Emphasis added.)  The court believes this should read "**Paxton** collected statements from a number of customers on Furgess's route . . . ." Additionally, on page 14, the Report states that "Powell was not similarly situated to Furgess.  He was never separated from employment as his 'termination' was downgraded to a 'suspension.' *Furgess* was reinstated by the Union process, not by being rehired into another job." (Emphasis added.)  The court believes this should be "Powell was not similarly situated to Furgess.  He was never separated from employment as his 'termination' was downgraded to a 'suspension.' **Powell** was reinstated by the Union process, not by being rehired into another job."  With these corrections, the court adopts the Report.

2

15, 2006) and Alvin Jones (Exhibit E to Dkt. #33, filed May 15, 2006) which assert that to be considered for employment with UPS, applicants had to complete all of the steps of a multi-step application process. Plaintiff contends that he filled out an on-line application for employment, and that "he made every attempt to complete the application process and that there was no mistake on his part [regarding the initial interview process]." Objections at 5 (Dkt. #41, filed Oct. 12, 2006). However, Plaintiff has provided no evidence that he actually completed all the steps necessary to be considered for employment by UPS. Nor does Plaintiff counter the portion of the Bennett Declaration which contends that it was not possible to apply on-line for positions with UPS in March 2004. It therefore cannot be said that Plaintiff actually applied for the position, and his *prima facie* claim accordingly fails.

**Plaintiff's Qualification for the Position:** Even assuming *arguendo* that Plaintiff applied for the position in question, Plaintiff's case also fails because he provides no evidence of his eligibility to be rehired by UPS. Plaintiff maintains in his objections that if UPS had not intended to rehire him based upon his ineligibility, UPS "should have stated so before calling him to participate in the mass interview." Objections at 6. This contention is not any evidence that Plaintiff was qualified or eligible for the position in question. Therefore, Plaintiff's *prima facie* case fails at this stage as well.

**Inference of Discrimination:** Plaintiff points to the "rehiring" of a white employee, who committed "the same offense as Plaintiff," and the "rehiring" of an African-American employee "[a]fter receiving notice of Plaintiff's [d]iscrimination claims" as evidence of UPS's discriminatory intent toward Plaintiff. Objections at 6, 7. These contention are without merit.

3

The Report found that Eric Powell (Powell), a white employee, was not separated from UPS, as his "termination" was (via a grievance filed by the union[2]) downgraded to a suspension. *See* Report at 14 (Dkt. #40, filed Sept. 22, 2006). Plaintiff contends in his Objections that "Powell, who committed the same offense as Plaintiff was returned to work, while Plaintiff was ineligible for rehire." Obj. at 6 (Dkt. #41, filed Oct. 12, 2006). This claim does not adequately address the conclusion of the Magistrate Judge that because Powell was reinstated to his position after a union grievance, Powell was not similarly situated to Plaintiff, and therefore is not a relevant comparator.

Additionally, Plaintiff asserts that UPS "rehired" an African-American employee (Asia Ferguson (Ferguson)) "after receiving notice of Plaintiff's discrimination claims." Obj. at 7 (Dkt. #41, filed Oct. 12, 2006). Plaintiff appeared for his tour of the UPS hub on March 22, 2004, and filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on August 30, 2004. Even assuming the circumstances surrounding Ferguson's situation are relevant to this case, the only evidence in the record regarding Ferguson is that his suspension and reinstatement occurred sometime within a month or two after Powell's suspension and reinstatement, which occurred in October 2003. This is not evidence that the situation with Ferguson occurred after August 30, 2004.

The Magistrate Judge also found that even if Plaintiff were able to establish a *prima facie* case of employment discrimination, UPS has articulated a legitimate, non-discriminatory reason for not rehiring Furgess; namely, his failure to complete the application process and his ineligibility for

---

[2]The terms and conditions of employment of package car drivers (Furgess' position prior to his termination in 2000) with UPS are governed by a collective bargaining agreement ("CBA") between UPS and the International Brotherhood of Teamsters. Plaintiff was a member of this union.

4

rehire. Plaintiff's objections to the Magistrate Judge's finding on this point are merely reiterations of his opposition to summary judgment, which were correctly rejected by the Magistrate Judge.

Because Plaintiff has failed to establish a *prima facie* case of racial discrimination, and because Plaintiff has failed to show that Defendant's articulated reasons for failing to rehire Plaintiff were somehow pretextual, Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON McGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 1, 2006

C:\temp\notesB0AA3C\05-1206 Furgess v. UPS e adopt rr gr sumjgm failure of prima facie case.wpd