IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Furgess, Jr., | ) | C/A NO. 3:05-1206-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| United Parcel Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, the prevailing party in this action, has moved for the recovery of attorneys' fees in the amount of $57,000. Plaintiff did not respond to the amended motion.[1]

An award of attorneys' fees to a defendant is appropriate in a Title VII case when a plaintiff's case is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). *See also Bass v. E.I. DuPont De Nemours & Co.*, 324 F.3d 761, 766 (4th Cir. 2003) (same). A finding of bad faith in bringing suit is not required. *Christiansburg Garment*, 434 U.S. at 421.

"District courts should award [attorney's] fees sparingly and not based upon post hoc reasoning which presumes such an award based upon the outcome of the lawsuit." *Glymph v. Spartanburg General Hosp.*, 783 F.2d 476, 479 (4th Cir. 1986). To avoid post hoc reasoning, the court examines "the suit against the background of the law at the time of the filing and the facts known to [Plaintiff]." *Lotz Realty Co., Inc. v. United States Dept. of Housing and Urban Dev.*, 717

---

[1] When Defendant's original motion was filed, Plaintiff was represented by counsel, who responded to the motion on his behalf. However, there was no response to the amended motion either by Plaintiff's counsel or by Plaintiff proceeding *pro se*.

1

F.2d 929, 932 (4th Cir. 1983). Additionally, "the district court should give weight to the relative financial position of the litigants." *Arnold v. Burger King Corp.*, 719 F.2d 63, 68 (4th Cir. 1983). Finally, "[a] fee award must be based on the reasonable value of the work actually performed in the case." *Id*.

In determining the reasonableness of a request for attorneys' fees, a court should consider the following twelve factors:

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) fee awards in similar cases.

*Trimper v. City of Norfolk Va.*, 58 F.3d 68, 73 (4th Cir. 1995).[2]

While the court must consider all of the factors, they need not be applied in any strict manner as not all may affect the fee in a given case. *See EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (finding seven of the twelve factors did not affect the fee in that case, but remanding for further proceedings due to the district court's failure to explain the basis of its fee determination). These factors are considered both in determining the propriety of the rate requested and the

---

[2]These factors are generally referred to as the *Johnson* factors as they were first enunciated in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). They were adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). In more recent cases, the courts restate the sixth factor as relating to counsel's expectations at the outset of the litigation. *See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Service News Co.*).

Some of these factors "have limited transferability as part of a formula for computing attorneys' fees for prevailing defendants." *Arnold*, 719 F.2d at 68 n.5. This includes factors numbered (3), (4), (8), and (10). *Id*.

reasonableness of the hours expended "which are then multiplied to determine the lodestar figure which will normally reflect a reasonable rate." *Service News*, 898 F.2d at 965 (citing *Daly v. Hill*, 790 F.2d at 1077). The resulting lodestar figure is strongly presumed to be the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting contingency fee enhancement under the fee shifting statutes there at issue: the Clean Water Act and the Solid Waste Disposal Act). *See also Trimper*, 58 F.3d at 74 (lodestar fee based on multiplication of reasonable rate by reasonable hours is presumed to be fully compensatory without producing a windfall).

Defendant's amended motion contends that the motion "reflects only the hours that were absolutely essential to obtaining dismissal of Plaintiff's claim." Amended M. at 12 (Dkt. # 68-2, filed Feb. 13, 2007). *See also* Affidavit of Glenn G. Patton at ¶ 6 (Dkt. #68-4, filed Feb. 13, 2007) (time expended was "reasonable and necessary to obtain the dismissal of Plaintiff's claim."). Defendant contends that the remaining *Johnson* factors (see n. 2) either weigh in Defendant's favor or are not significant to the case.

In the course of this litigation, Plaintiff failed to establish a *prima facie* case of discrimination in a rehiring situation.[3] While the court has no evidence that Plaintiff acted in bad faith in bringing his suit, the court finds Plaintiff's complaint was frivolous.

As noted above, in addition to the *Johnson* factors, the court may also give weight to the

---

[3]Indeed, Plaintiff failed to establish three out of the four necessary elements of his *prima facie* case. First, Plaintiff failed to provide any objective evidence that he actually completed all the steps necessary to be considered for re-employment by Defendant. Second, Plaintiff did not dispute that Defendant deemed him ineligible for rehire, nor did he show that he was unaware of this ineligibility prior to his filing this lawsuit. Third, Plaintiff failed to establish that he was denied re-employment with Defendant under circumstances which gave rise to an inference of unlawful discrimination. Plaintiff's sole comparator was not similarly situated to Plaintiff, and Plaintiff was aware of this fact prior to filing this lawsuit.

relative financial positions of the litigants. *Arnold*, 719 F.2d at 68. The *Arnold* court explained that,

> [t]he policy of deterring frivolous suits is not served by forcing the misguided Title VII plaintiff into financial ruin simply because he prosecuted a groundless case. . . . The dual interests of equity and deterrence can be advanced without giving overriding consideration to the punitive value of a fee award, particularly when the reduced award still represents a substantial burden on the plaintiff and the defendant is fully capable of absorbing a reasonable share of its legal fees without hardship.

*Id*. In determining the amount of attorneys' fees to assess, the court is aware that while Plaintiff is employed (or at least was employed during this litigation and at the time he submitted his Motion to Proceed *In Forma Pauperis* (IFP) on Appeal), he listed no cash assets in his IFP Motion. While both Plaintiff and his wife are employed, they also have substantial debt. Mindful that this court does not wish to force "plaintiff into financial ruin simply because he prosecuted a groundless case," *Arnold*, 719 F.2d at 68, the court is satisfied that an award of attorneys' fees in the amount of $10,000 is appropriate in this particular case.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 11, 2007

C:\temp\notesB0AA3C\furgess attorneys fees order.wpd